## Shaeffer *versus* Geisenberg.

*Remedy for extra work done under contract under seal of parties is in covenant and not assumpsit.*

1. While a contract under seal for a particular purpose exists, the rights of the parties thereto are fixed by it, and unless expressly abandoned, the remedy of either party for breaches is by an action of covenant upon the contract, and not in assumpsit upon the common counts.

2. Thus, where in an agreement under seal for constructing a building, it was stipulated that no extra charges should be made for alterations unless agreed on in writing and the price fixed, the owner reserving the right to make them, compensating the builder therefor, the remedy for the recovery of the additional expenses incurred thereby, was held to be in covenant on the contract and not in assumpsit.

Error to the Common Pleas of *Lancaster county*.

This was an action of *assumpsit* by John Shaeffer against Moses Geisenberg, in which the plaintiff declared for work done and materials furnished in the construction of a two-story brick back building for defendant.

There was a written contract between the parties for the construction of this building, but the plaintiff averred such changes and alterations in the plan and construction of the building as amounted to an abandonment of the written contract, and entitled him to recover the reasonable value of his work and labour, irrespective of the contract price.

The testimony showed some modification of the original plan, in consequence of which the bill for glazing was increased from $35 to $62; that twenty-three panel-doors beside closet-doors were required instead of eleven or twelve named in the contract; that a water-closet was put outside instead of inside of the building; with other alterations, swelling the cost of the building from $925, the contract price, to about $1600.

The plaintiff requested the court (Hayes, P. J.) to charge as follows:—

1. If the written contract entered into by the parties was abandoned, in the construction of the building, then the plaintiff,

[Shaeffer v. Geisenberg.]

Shaeffer, may recover the reasonable value of the same, irrespective of the contract price, giving credit for what he received on account.

2. This abandonment may have been express or implied. If the changes and alterations ordered and acquiesced in by Geisenberg amounted to a new building, or were essentially different from the building contracted for, then the plaintiff is entitled to recover their whole value, giving credit for what was paid.

3. Whether the written contract was abandoned or not, Shaeffer is entitled to recover, in this action, a fair compensation for any extra work which Geisenberg ordered and promised to pay.

4. If Geisenberg, either expressly or impliedly, waived any objection which he may have had to work which he alleges was omitted by Shaeffer, then he cannot now make such omitted work a set-off to the value of the extra work which he ordered.

Which were answered as follows:—

"1. If the contract between these parties for the building in question had been expressly and clearly abandoned by them, they would have been left by their own understanding, as if no contract were made between them, and in that case the plaintiff having erected the building for the defendant, would have been entitled to demand in an action of *assumpsit*, so much money of the defendant, as his work and services, &c., were reasonably worth. But the question is: Was the written and sealed contract between them actually abandoned? for, being proved to have been made, it must govern, unless it is clearly and distinctly proved that it was mutually abandoned by them.

"2. Such proof may be established by express evidence that the parties met together and agreed to abandon and throw up the contract, or by positive evidence, that the defendant had expressly admitted, that the written contract was given up and relinquished by him; and, in general, an entire change in the form and purpose of the building (if such change were not comprehended by the terms) would show by implication, that the original contract was abandoned. Where, however, the stipulations of the written contract provide for the changes or alterations alleged to have been made, there is no reason for saying that the contract was abandoned on account of the alterations and changes.

"3. This position cannot be maintained. If the contract under seal subsists, it must determine the rights and remedies of the parties. The action of the plaintiff, to be sustainable, must be brought upon the contract. It should be an action of covenant on the contract, and not an action of *assumpsit*, as this is, which ignores the contract.

"4. I cannot understand how the waiving of such an objection

[Shaeffer *v.* Geisenberg.]

to the work referred to, would effect the defendant's right equitably to claim that the value of the omitted work should be considered in the allowance for the extra work."

The defendant presented the following points :—

1. There can be no implied contract to pay for work, where there is an express contract and as it is shown in this case ; that there is an agreement under seal for the construction of the building for which suit is brought, the only remedy can be by suit on the agreement, and this action cannot be maintained.

2. There is nothing in this case to rescind or avoid the contract, on account of alterations or changes, because the contract itself provides for alterations and changes.

3. Upon the whole evidence in this case, the plaintiff is not in law entitled to recover, and the verdict must be for the defendant.

Which were answered as follows :—

" 1. This is true as a general principle, and is more especially true where the contract is under seal, as it is in this case. The contract of the parties, in every case, is the law of the case, and regulates their rights in the matter to which it relates. When suit is brought by either party for redress on account of any alleged violation of such contract, it must be founded on the contract, and can be founded on nothing else. The legal remedy in this case being upon the contract between the parties under seal, this action of *assumpsit*, which ignores the contract under seal, cannot be maintained.

" 2. I think the alterations made in the building were fully comprehended by the terms of the written contract, and therefore they cannot be regarded as evidence and abandonment of the same.

" 3. I am of opinion, that the plaintiff cannot recover in this action, for the reason assigned in the answer to the first point."

Under these instructions there was a verdict and judgment for defendant; the plaintiff thereupon sued out this writ, and assigned for error the answers given to the foregoing propositions.

*W. R. Wilson*, for plaintiff in error.

*D. W. Patterson* and *O. J. Dickey*, for defendant in error.

The opinion of the court was delivered, May 24th 1864, by

READ, J.—This was an action of *assumpsit*, brought upon a contract originally under seal, upon the allegation that the written contract was abandoned, and that the builder was entitled to recove upon the common counts, for the value of work done and materials furnished, in the construction of a two-story brick back-building, for the defendant. The contract contained

[Shaeffer v. Geisenberg.]

two provisions: 1st. "The said John Shaeffer is not to make any extra charges or receive any additional pay, for any change or alteration in the construction of the said building, differing from this agreement, and the specifications and plan or draft made part of it, unless such change or alteration, is agreed upon by the parties thereto in writing, and the price, if any, mentioned in said writing." The object of this was to prevent those unauthorized alterations which are so apt to be the foundation of extra charges against the owner. The 2d was intended for a case like the present: "The said Geisenberg, however, reserves the right to have changes made, in the plan or arrangement of the building, he compensating the said Shaeffer for any additional expense incurred thereby, if any." This is a clear and definite method provided for compensating the plaintiff for any changes of any kind in the building, and covers all the alleged alterations from the written contract, which are brought forward to show an abandonment of it.

The remedy, therefore, of the plaintiff, was in covenant on the contract, and he would in that form of action recover all he was entitled to, and there was, therefore, no reason whatever for disregarding the established rule and resorting to an entirely inappropriate form of action. The explanation of this attempt to throw aside the contract and recover on the common counts, is to be found in the fact, that the original estimate of the builder or architect, who drew the plan, of the cost of the building, was $1800, and Mr. Shaeffer contracted to build it for $925. If, therefore, it was ruled, that the contract was abandoned, the plaintiff would be able to recover the full value of the work, without regard to the contract price fixed by the parties. The court were clearly right in all their rulings.

Judgment affirmed.